THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. NATHANIEL DUMAS, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated February 14, 1967, which granted defendant's motion to suppress evidence. Order reversed, on the law and the facts and in the interests of justice, and new hearing granted. At the hearing on defendant's motion to suppress, the only evidence presented was the uncontradicted testimony of one of the three police officers who witnessed the incident leading to the arrest of defendant and the search and seizure of the narcotics, hypodermic needles and syringes. The court chose not to believe that testimony. In our opinion, a full hearing should be had at which the People should be given the opportunity to present the testimony of all three officers and the defendant should be given the opportunity to present his evidence. Beldock, P. J., Brennan and Munder, JJ., concur; Christ and Benjamin, JJ., dissent and vote to affirm the order, with the following memorandum: It was within the proper scope of the Justice trying the issues in this case to disbelieve the police officer. He clearly stated this to be the reason for his determination. The majority slip suggests that the People should be permitted to have a new hearing so as to present witnesses not previously called and for whose absence no excuse was offered. The People had a full opportunity to put in the complete case for the prosecution and it may be presumed that this was done and that witnesses within the People's control who were not called would not have supported its position. The defendant should not be subjected to a succession of hearings upon this issue.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MELVIN GERALDS, Also Known as MELVIN GEARLDS, Appellant.— Judgment of the County Court, Nassau County, rendered May 7, 1965, affirmed. In our opinion, the evidence was sufficient to find the defendant guilty beyond a reasonable doubt. The evidence bearing upon the identification of the defendant was of significantly greater probative value than that bearing upon the codefendant, Charles Noland, whose conviction was reversed and a new trial ordered by this court (see *People* v. *Noland,* 27 A D 2d 663). The defendant is not entitled to relief under *United States* v. *Wade* (388 U. S. 218) in connection with his claim that he was not represented by counsel during his pretrial confrontations with the People's witnesses since those confrontations predated that decision by three years. The rule in *Wade* is not to be applied retroactively (*Stovall* v. *Denno,* 388 U. S. 293). We agree with defendant's contention that the failure by the police to employ a lineup in connection with those confrontations constituted a deprivation of due process of law. In our opinion, however, the opportunity which Mrs. Hartley had to observe the defendant during the commission of the crime was such that "it is manifest that her courtroom testimony identifying him was not based on, or tainted by, the potentially misleading circumstances which attended her earlier identification of him at the police station" (*People* v. *Brown,* 20 N Y 2d 238, 244). In view of the quality of Mrs. Hartley's testimony, we find that any error in connection with the admission of Mrs. Sperling's in-court identification testimony may be considered to be harmless (Code Crim. Pro., § 542). Defendant's other contentions have been considered and rejected. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.